# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARRY ROLAND MILLIMAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>Defendant. | C.A. No. 16-1279-LPS-MPT |

## MEMORANDUM ORDER

WHEREAS, Chief United States Magistrate Judge Mary Pat Thynge issued a 34-page Report and Recommendation ("R&R") (D.I. 17), dated September 7, 2017, recommending that Plaintiff Barry Roland Milliman's ("Plaintiff" or "Milliman") motion for summary judgment (D.I. 10) be denied and that Defendant's motion for summary judgment (D.I. 14) be granted;

WHEREAS, on September 25, 2017, Plaintiff timely objected to the R&R (D.I. 18);

WHEREAS, on October 6, 2017, Defendant responded to Plaintiff's objections (D.I. 19);

WHEREAS, the Court has considered the motion *de novo, see Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Commissioner Carolyn W. Colvin as defendant in this suit.

1

1. Plaintiff's objections (D.I. 18) are OVERRULED. Judge Thynge's R&R (D.I. 17) is ADOPTED. Consistent with Judge Thynge's recommendation, Plaintiff's motion for summary judgment (D.I. 10) is DENIED, and Defendant's motion for summary judgment (D.I. 14) is GRANTED.

2. Plaintiff objects to Judge Thynge's conclusion that the ALJ reasonably gave no weight to Dr. Feiner's opinions regarding Plaintiff's ability to sit, stand, and walk. (*See* D.I. 18 at 1-2; *see also* R&R at 27) Plaintiff contends that the ALJ's finding, which was premised on the lack of "objective medical evidence to support such limitations" (D.I. 6 ("Tr.") at 39) and the omission in "[c]ontemporaneous treatment notes . . . [of] [ab]normal physical examination findings and . . . complaints of difficulty" with these activities (*id.*), "mischaracteriz[es] the record" and runs afoul of the Third Circuit's instruction in *Brownawell v. Commisioner of Social Security*, 554 F.3d 352 (3d Cir. 2008). (*See* D.I. 18 at 1-2)

3. When an ALJ rejects a treating physician's opinion, the ALJ must explain why she has done so, sufficient to allow review and a "determin[ation of] whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 707 (3d Cir. 1981). It is not for the Court to re-weigh the medical opinions in the record. *See Gonzalez v. Astrue*, 537 F. Supp. 2d 644, 659 (D. Del. 2008). Rather, the Court must determine whether substantial evidence exists to support the ALJ's weighing of those opinions. *See id.*

4. While the ALJ may have erred in asserting that "there is *no* objective medical evidence" to support Dr. Feiner's proposed limitations (*see* Tr. at 39), and thus her opinion could not have been given no weight on that basis ***alone***, *see Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (ALJ cannot "reject evidence for no reason or for the wrong reason") (internal

2

quotation marks omitted), the ALJ further determined that Dr. Feiner's opinions were "inconsistent" with other record evidence (Tr. at 39), and this latter determination is supported by substantial evidence, including omissions in contemporaneous treatment notes.

5.  Plaintiff similarly objects to Judge Thynge's conclusion that the ALJ reasonably gave no weight to Dr. Molloy's opinions. Plaintiff's assertion that this rejection was made "solely on the basis that the restrictions described by this source were not included in the doctor's treatment notes" (D.I. 18 at 2-3) does not accurately reflect the record. (*See generally* Tr. at 40) (ALJ giving no weight to cardiologist's limitations because treatment notes were "inconsistent" with physical limitations and "do not include any physical restrictions placed on the claimant," but also because, among other things, "the claimant denied malaise" and had normal heart rate and rhythm, and record lacked support for opinions "regarding missing work or the effect of the claimant's symptoms on attention and concentration")

6.  Plaintiff's objection to Judge Thynge's analysis of the ALJ's decision to afford no weight to Plaintiff's podiatrist's impairment opinions is similarly unavailing. Among other things, the ALJ specifically noted the inconsistency between the podiatrist's opinions and Plaintiff's endocrinologist's assessment. (Tr. at 40; *see also id.* at 711-16) Plaintiff further complains that the ALJ improperly "extrapolate[d] a finding that Mr. Milliman can perform sedentary work out of [the endocrinologist's] report . . . [which] failed to give any opinions on his functioning whatsoever." (D.I. 18) That contention is unpersuasive; the ALJ instead gave the endocrinologist's questionnaire "significant weight" because its findings were, in the ALJ's view, consistent with other evidence in the record. (Tr. at 40) As Judge Thynge observed, the endocrinologist "determined that [P]laintiff had no clinical findings or symptoms associated with

3

his diabetes and no vascular or neuropathic complications." (R&R at 29)

7. Nor is the Court persuaded by Plaintiff's objection to Judge Thynge's conclusion that the ALJ reasonably gave some weight to the state agency's evaluations. Consistent with the Court's evaluation of the treating physician evidence above, the Court does not agree with Plaintiff's assertion that the ALJ "gave no reason" for departing from the general practice of affording greater weight to opinions examining sources relative to non-examining sources. (D.I. 18 at 4) Nor is the Court persuaded that the ALJ "impermissibly interpreted the medical data into the RFC." (D.I. 18 at 5) The ALJ weighed the evidence and found, based on the record, that Plaintiff was "limited by the combined effects of his impairments, but . . . retains the capacity to perform a range of sedentary work activity with additional non-exertional limitations." (Tr. at 41)

8. Plaintiff also objects to Judge Thynge's treatment of the ALJ's evaluation of Plaintiff's testimony. Specifically, Plaintiff contends that Judge Thynge improperly concluded that the ALJ's "findings were []sufficient to find Mr. Milliman's subjective testimony unsupported by the record and inconsistent with a finding of disability." (D.I. 18 at 6) Again, as Judge Thynge observed, the ALJ found that Plaintiff's "impairments could reasonably be expected to cause the alleged symptoms," but did not fully credit Plaintiff's statements as to the "intensity, persistence, and limiting effects of these symptoms." (R&R at 32) The record contains substantial evidence (including evidence beyond what is identified by Plaintiff (*compare* D.I. 18 at 6 *with, e.g.*, Tr. at 38-39)) to support the ALJ's finding.

January 2, 2018  
Wilmington, Delaware

HON. LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

4